ALBANY,
Jan. 1832.

Harmon
v.
Carrington.

---

## HARMON *vs.* CARRINGTON.

A judgment in an action of *slander*, for charging the plaintiff with altering a note, will not arrested because the plaintiff, in his dec laration in the induce- ment to the charge, avers that the note charged to be altered is a true note ; such averment being equivalent to the ordinary averment of innocence of the crime imputed.

MOTION in arrest. The plaintiff obtained a verdict in an action of *slander.* In the third count of the declaration the plaintiff, *instead of alleging* in the inducement that he had nev- er been suspected of the crime of forgery, *stated*, that before the speaking of the words, a promissory note was made by a firm transacting business under the name of Thomas Ambler & Co. of which firm the defendant was a partner, payable to one John H. Wells ; that the note was signed with the *partnership name* by Thomas Ambler, one of the firm, and delivered to the plaintiff as the agent of the payee, and that before the speak- ing, &c. the plaintiff presented the note to the defendant for payment, who paid the same, and that thereupon the note was delivered him, yet, &c. The *fourth count* sets forth a *colloquium* of and concerning the said note, and charges the defendant with saying, " You have altered the signature of the note from Thomas Ambler to Thomas Ambler & Co. for the purpose of binding me to pay it." And again : " You altered the note from a *several* note to a *partnership* note, with a view of getting better security." The *sixth* count is like the fourth, except that the words are in the third person.

*J. A. Spencer,* for the defendant, moved *in arrest of judg- ment,* insisting that the action did not lie ; the plaintiff himself

shewing in his declaration that the words complained of were spoken in reference to a transaction innocent in itself, the defendant charging the plaintiff with altering a note, which in fact never had been altered; and he contended that if, from the plaintiff's own statement of the case, it was apparent no crime had been committed in the transaction alluded to when the charge was made, the words were not actionable; and that to subject the defendant to an action, it should have been averred that the words were spoken with the intent to impute a crime. He cited 1 Johns. R. 505; 12 id. 239; 1 Johns. Cas. 239; 3 Cowen, 231; 5 id. 714; 6 id. 76; 9 id. 30; 1 Wendell, 475.

——— *Brown & M. T. Reynolds*, for the plaintiff.

*By the Court*, SAVAGE, Ch. J. There is no ground for the motion in arrest. The words last laid, to wit; " He altered the note from a several note to a partnership note, with a view of getting better security," and those immediately preceding, to wit : " He has altered the signature of the note from T. A. to T. A. & Co. for the purpose of binding me to pay it," are actionable; they impute to the plaintiff the offence of altering a note with intent to defraud the defendant. This constitutes forgery; and surely, it is no excuse for the defendant that the plaintiff states that the note was originally made by *T. Ambler & Co ;* that is an assertion of his innocence, and is no more an excuse for the defendant's slander than the common inducement that the plaintiff was never suspected of the crime imputed to him by the defendant. There is no similarity between this case and those to which it is attempted to compare it. In the charge itself there is no expression shewing that no crime was imputed. The transaction is simply this, as it is stated upon the record : The plaintiff presents to the defendant a genuine note, signed Thomas Ambler & Co. the defendant being one of the firm. The defendant says, you have altered that note from an individual to a partnership note, to make me liable. The alteration can mean no other than a felonious one; and the fact stated by the plaintiff, that the

*Margin:* ALBANY, Jan. 1832. Harmon v. Carrington.

ALBANY,
Jan. 1832.

note was genuine, cannot enure to the defendant's benefit. It is the common inducement in a count in slander, that the plaintiff was innocent: here he states the facts shewing his innocence.

Motion in arrest denied.